# NO. 12-23-00170-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 420TH* |
| *M. R., J. B., AND J. B., CHILDREN* | § | *JUDICIAL DISTRICT COURT* |
| | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

J.B., Sr. and D.B. appeal the termination of their parental rights. Appellants' counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

D.B. is the mother of M.R., J.B., Jr. and J.B. J.B., Sr. is the father of J.B., Jr. and J.B. M.R.'s father is unknown.[1] On August 18, 2022, the Department of Family and Protective Services (the Department) filed an original petition for protection of a child, for conservatorship, and for termination of the parental rights of J.B., Sr. and D.B. The Department was appointed temporary managing conservator of the children, and Appellants were allowed limited access to, and possession of, the children.

The evidence at trial showed that the children were unkempt, dirty, and roaming around the apartment complex that they had lived in and their housing situation was deplorable. The two younger children's teeth were broken and decaying, and after coming into the Department's care, they required dental work to be able "to eat without [an] issue." The children were not attending

---

[1] The trial court's order also terminated the parental rights of M.R.'s unknown father, who is not a party to this appeal.

school. In addition, the evidence showed that D.B. called 911 and falsely reported that the children had been raped and drugged, and she became irate with hospital staff and expressed the belief that hospital staff members were her neighbors in disguise. J.B., Sr. was not living with the children when they came into care because he was living in a homeless shelter. The evidence also showed that despite his belief that D.B. suffers from mental health issues, J.B., Sr. nevertheless left the children in her care.

The children's caseworker testified that she believes Appellants are currently in Colorado. The caseworker explained that D.B. posted on Facebook that she is homeless and living on the streets, yet the service plan required Appellants to provide a home with water, lights, and sewer service. Appellants were unable to demonstrate any legal income during the pendency of the case and had no plans for how they would support the children. Appellants failed to attend parenting classes and testing as required by their service plan. When the caseworker took Appellants for a mental health assessment, J.B., Sr. became upset, and both J.B., Sr. and D.B. refused to complete the paperwork or participate in the assessment. Additionally, the evidence showed that both parents failed to regularly visit the children.

The evidence also showed that both Appellants admitted to smoking marijuana, D.B. tested positive for methamphetamine on at least one occasion, and Appellants did not submit to regular drug testing as required by their service plan. Appellants screamed at the caseworker and threatened her, and she was unable to transport them or go to their home without law enforcement accompanying her. The evidence further showed that the caseworker was eventually forced to stop visiting Appellants, even with law enforcement, "because they continued to escalate in their behaviors[.]" Appellants failed to have a psychosocial examination or participate in individual counseling, as required by their service plan. The evidence showed that all three children are doing well with their foster family, they attend school and participate in extracurricular activities, and they are active in church. The children's foster parents wish to adopt them, so the children will remain together.

At the conclusion of the trial, the trial court found, by clear and convincing evidence, that Appellants knowingly placed or allowed the children to remain in conditions that endangered their physical or emotional wellbeing, knowingly engaged in conduct that endangered the children's physical or emotional wellbeing, constructively abandoned the children, and failed to comply with the provisions of a court order that specifically established the actions necessary for them to obtain

the return of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O) (West 2022). The trial court also found, by clear and convincing evidence, that termination is in the best interest of the children. Based on these findings, the trial court ordered that the parent-child relationship between Appellants and the children be terminated. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellants' counsel filed a brief in compliance with *Anders*, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. This Court has previously held that *Anders* procedures apply in parental rights termination cases when the Department has moved for termination. *See In re K.S.M.*, 61 S.W.3d 632, 634 (Tex. App.—Tyler 2001, no pet.). In compliance with *Anders*, counsel's brief presents a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

As a reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 923. We have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might arguably support the appeal.[2] *See Taylor v. Tex. Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).

---

[2] Appellants' counsel certified that he provided Appellants with a copy of the brief, informed them that they had the right to file their own brief, and took concrete measures to facilitate their review of the record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In the Matter of C.F.*, No. 03-18-00008-CV, 2018 WL 2750007, at *1 (Tex. App.—Austin June 8, 2018, no pet.) (mem. op.). Appellants were given the time to file their own brief, but the time for filing such a brief has expired, and we have not received a pro se brief.

## DISPOSITION

We agree with Appellants' counsel that the appeal is wholly frivolous.[3]  Accordingly, we *affirm* the trial court's judgment.  *See* TEX. R. APP. P. 43.2.

Opinion delivered September 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] After filing an ***Anders*** brief, Appellants' attorney filed a motion to withdraw.  However, counsel's obligations to Appellants have not yet been discharged.  *See **In re P.M.***, 520 S.W.3d 24, 27 (Tex. 2016) (holding that the right to counsel in suits seeking termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review.").  If Appellants, after consulting with counsel, desire to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an ***Anders*** brief."  *Id*. at 27-28; *see **A.C. v. Tex. Dep't of Family & Protective Servs.***, No. 03-16-00543-CV, 2016 WL 5874880, at *1 n.2 (Tex. App.—Austin Oct. 5, 2016, no pet.) (mem. op.).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 20, 2023**

**NO. 12-23-00170-CV**

**IN THE INTEREST OF M. R., J. B., AND J. B., CHILDREN**

---

Appeal from the 420th District Court
of Nacogdoches County, Texas (Tr.Ct.No. C2237885)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*